PEOPLE v NANTELLE

Docket No. 63951. Submitted June 14, 1983, at Grand Rapids.—Decided October 25, 1983.

Carl R. Nantelle was convicted of breaking and entering an unoccupied dwelling with intent to commit larceny, Delta Circuit Court, Clair J. Hoehn, J. Defendant appealed, alleging that the trial court should have suppressed an inculpatory statement defendant made to police for the reason that he was not orally advised of his rights, but rather was only given a written document listing those rights. *Held:*

An effective advising of a defendant of his *Miranda* rights does not require an oral recitation. Presentation to a defendant of a written form which adequately lists his rights is sufficient where the record indicates that the defendant understood his rights. Defendant indicated that he understood his rights prior to making the inculpatory statement.

Affirmed.

CRIMINAL LAW — *MIRANDA* WARNINGS.

An effective advising of a defendant of his *Miranda* rights does not require an oral recitation; presentation to a defendant of a written form which adequately lists his rights is sufficient where the record indicates that the defendant understood his rights.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Steven L. Pence,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

State Appellate Defender (by *Terence R. Flanagan),* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
21A Am Jur 2d, Criminal Law § 791 *et seq.*

Before: R. B. Burns, P.J., and MacKenzie and J. L. Banks,* JJ.

Per Curiam. After a nonjury trial, defendant was convicted of breaking and entering an unoccupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305. Defendant appeals as of right from the trial court's denial of defendant's pretrial motion to suppress his inculpatory statement made to an investigating deputy sheriff. The sole argument defendant raises on appeal is that he was not adequately advised of his *Miranda* rights because he was not orally advised of those rights, but rather was only given a written document listing those rights. *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966). We find that the trial court properly denied defendant's motion to suppress his statement.

As a general rule, an effective advising of *Miranda* rights does not require an oral recitation, and presentation to a defendant of a written form which adequately lists his rights is sufficient. *United States v Sledge,* 546 F2d 1120, 1122 (CA 4, 1977), *cert den* 430 US 910; 97 S Ct 1185; 51 L Ed 2d 588 (1977); *United States v Coleman,* 524 F2d 593, 594 (CA 10, 1975); *United States v Bailey,* 468 F2d 652, 659-660 (CA 5, 1972); *Bell v United States,* 382 F2d 985, 987 (CA 9, 1967), *cert den* 390 US 965; 88 S Ct 1070; 19 L Ed 2d 1165 (1968). See, also, *United States v Alexander,* 441 F2d 403, 404 (CA 3, 1971); *United States v Johnson,* 426 F2d 1112, 1115 (CA 7, 1970), *cert den* 400 US 842; 91 S Ct 86; 27 L Ed 2d 78 (1970); *United States v Van Dusen,* 431 F2d 1278, 1281 (CA 1, 1970). Although the preferred method may be to advise a defendant both orally and in writing, whether the prosecution has met its burden of showing that a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant knowingly and intelligently waived his *Miranda* rights depends on the facts of the particular case. *United States v Sledge, supra.* Thus, only in some circumstances will oral recitation of *Miranda* rights be required for an effective waiver of those rights. Where a defendant does not knowingly and intelligently waive his *Miranda* rights, his statement is involuntary. In reviewing a trial court's ruling on voluntariness, this Court must examine the entire record and reach an independent determination, but we will affirm the trial court's ruling unless we possess a definite and firm conviction that the trial court erred. *People v McGillen #1,* 392 Mich 251, 257, 264; 220 NW2d 677 (1974).

In the present case, although defendant testified at the hearing on his motion that he was unable to read the written form given to him because he did not have his eyeglasses with him at the time, the trial judge concluded, based on other evidence, that defendant was able to read the form without his eyeglasses, and defendant does not on appeal challenge this fact-finding. Moreover, although the deputy sheriff admitted that he did not ask defendant if he could read, the deputy sheriff testified that, after allowing defendant to read the written rights form, he asked defendant if he understood his rights, and defendant responded in the affirmative. Defendant's testimony did not contradict this testimony of the deputy sheriff, and defendant admitted that he did not tell the deputy sheriff that he was unable to read the form without his glasses. Upon reviewing the whole record, we do not believe that the failure to orally advise defendant of his *Miranda* rights in addition to giving defendant the written rights form precluded a knowing and intelligent waiver of those rights by defendant.

Affirmed.